NO. 07-02-0001-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 3, 2002



______________________________




LEE ROY SANCHEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B12346-9604; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Pursuant to a plea bargain, appellant Lee Roy Sanchez was convicted of criminal
solicitation and punishment was assessed at five years confinement and a $750 fine,
suspended for five years. Upon the State's motion, community supervision was revoked
for violations of conditions and terms thereof, and the original punishment was assessed. 
In presenting this appeal, counsel has filed an Anders (2) brief in support of a motion to
withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief; however, he did file a
"Motion for New Appointed Counsel." The State did not favor us with a brief. 

 Appellant was convicted of criminal solicitation and placed on community
supervision in 1996. In 1998, upon the State's motion to revoke, the trial court entered an
order continuing appellant's community supervision to seven years with modifications to
the conditions thereto. On October 30, 2001, the State again filed a motion to revoke
alleging that appellant had failed to (1) report to his community supervision officer; (2)
advise his community supervision officer of the correct address of his residence and place
of employment; (3) pay restitution; and (4) complete community service at the rate of at
least eight hours per month.

 At the hearing on the State's motion appellant plead true to the first allegation and
true to the second allegation only to instances after March 2001 and plead not true to the
third and fourth allegations. After being properly admonished, the trial court found that
appellant's pleas of true were freely, voluntarily, and knowingly made. Appellant's
community supervision officer testified that he had failed to report as directed since March
2001 until the date of the hearing held on December 10, 2001. She further testified that
he was delinquent in the amount of $400 in restitution payments and $320 in arrears in his
probation fees. Regarding the eight hours per month minimum of community service, the
officer testified that appellant had failed to complete eight hours for various months since
August 1998 through October 2001. On cross-examination, defense counsel showed
discrepancies in the community service hours performed.

 Appellant testified and explained that after hearing the testimony of his community
supervision officer regarding restitution payments, he agreed with her figures
notwithstanding his plea of not true. He testified that due to personal problems and some
difficult times, he did not comply with the required conditions of community supervision
since March 2001. Following appellant's testimony, the trial court revoked his community
supervision based on his pleas of true and the evidence presented.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one
sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial
court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

 Appellant's community supervision officer presented evidence of the alleged
violations of community supervision and appellant plead true to two of the allegations. He
also testified that he agreed with the evidence presented establishing he was in arrears in
restitution payments. Based on the foregoing, we find the trial court did not abuse its
discretion in revoking appellant's community supervision and imposing the original
sentence.

 The assistance of counsel is only guaranteed if this Court determines, after its own
separate inquiry, that nonfrivolous issues are presented in this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Having found no nonfrivolous
issues after an independent examination of the entire record, we have reviewed the merits
of the appeal without the assistance of new counsel and find that the appeal is frivolous
and without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477
S.W.2d 577, 578 (Tex.Cr.App. 1972). Thus, appellant's pro se motion for appointment of
new counsel is overruled. 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.






1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


EM>Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App.
1990). Thus, we will review the propriety of the admission of the photographs to determine
whether the trial court's ruling may be upheld despite the incorrect reason for doing so. 
Appellant's objection was grounded upon defense counsel's assertion that during his
opening statement, he admitted that appellant shot the complainant and thus, admission
of the photographs was prejudicial.

 The admission of photographs into evidence is within the discretion of the trial court
and will not be disturbed absent an abuse of discretion. Wyatt v. State, 23 S.W.3d 18, 29
(Tex.Cr.App. 2000). Generally, a photograph is admissible if verbal testimony as to
matters depicted in the photograph is also admissible. Emery v. State, 881 S.W.2d 702,
710 (Tex.Cr.App. 1994), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137
(1995); Long v. State, 823 S.W.2d 259, 271-72 n.18 (Tex.Cr.App. 1991), cert. denied, 505
U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). A non-exhaustive list of factors to
consider in determining whether the probative value of photographs is outweighed by the
danger of unfair prejudice include the number of exhibits offered, their gruesomeness,
detail, and size, whether they are black and white or color, whether they are close-up,
whether the body is naked or clothed, and the availability of other means of proof and the
circumstances unique to each case. See Williams v. State, 958 S.W.2d 186, 173
(Tex.Cr.App. 1997); accord Sonnier v. State, 913 S.W.2d 511, 518 (Tex.Cr.App. 1995) and
Emery, 881 S.W.2d at 710. 

 Complainant testified that the first bullet to the left side of her chin shattered her jaw
and that bone grafts were used to rebuild her chin. She also lost five teeth and the bullet
remains lodged in her throat for fear that removal will sever a main artery. A second bullet
to her head exited below her ear and came to rest in the palm of her left hand and was
surgically removed. A surgical nurse testified that the bullet from complainant's hand was
removed during surgery.

 The seven photographs are in color and are approximately three and one-half by
five inches in size. They depict the severity of complainant's injuries from different angles
and distances. The trial strategy by the defense was that appellant was only guilty of the
lesser included offense of aggravated assault and the photographs were cumulative
evidence used by the State to elicit an "inappropriate emotional resolution" of the issues
by the jury. The State, however, argues that the photographs were properly admitted
because of the probative value to corroborate complainant's contested version of the
incident. 

 The Court of Criminal Appeals has rejected the proposition that visual evidence
accompanying oral testimony is cumulative or that it is of insignificant probative value. 
Chamberlain v. State, 998 S.W.2d 230, 237 (Tex.Cr.App. 1999), cert. denied, 528 U.S.
1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). "Visual evidence accompanying testimony
is most persuasive and often gives the fact finder a point of comparison against which to
test the credibility of a witness and the validity of his conclusions." Id. Complainant's
credibility was at issue because appellant's defense was that she had permitted him in her
home for a drug deal. The photographs support complainant's version of how she was
shot, and although bloody and gruesome, depict nothing more than "the reality of the brutal
crime committed." Id. Their depiction of the reality of the offense makes them powerful
visual evidence and thus, probative of the State's case. Thus, we presume the trial court
engaged in a Rule 403 balancing test and conclude there was no abuse of discretion in
admitting State's Exhibits 18 through 24. Issue one is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.